**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| **ROGER LEE BAKER, JR.,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| **VS.** | **:** | |
| | **:** | **NO. 4:22-CV-00066-CDL-MSH** |
| **MAGISTRATE COURT OF** | **:** | |
| **TALBOT COUNTY,** *et al.,* | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| _____ | **:** | |

## DISMISSAL ORDER

*Pro se* Plaintiff Roger Lee Baker, Jr., an inmate currently confined at the Coastal State Prison in Garden City, Georgia, has filed the above-captioned action seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1.  Plaintiff has not prepaid the filing fee. Because Plaintiff has not paid the filing fee, the Court reasons that he seeks leave to proceed without prepayment of the filing fee.  As discussed below, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. Leave to proceed without prepayment of the filing fee is therefore **DENIED**, and this action is **DISMISSED WITHOUT PREJUDICE**.

## ANALYSIS

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*:

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.* The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous, or malicious, or for failure to state a claim. *See, e.g.,* Order Adopting R. & R., *Baker v. Georgia*, Case No. 4:20-cv-00299-CDL-MSH (M.D. Ga. June 21, 2021) (dismissing case for failure to state a claim); Order Adopting R. & R., *Baker v. Georgia*, Case No. 3:16-cv-00079-DHB-BKE (S.D. Ga. Dec. 27, 2016) (dismissing case as a sanction for abuse of the judicial process); Order Adopting R. & R., *Baker v. Goodrich*, Case No. 5:11-cv-00035-LGW-JEG (S.D. Ga. Aug. 2, 2011) (dismissing

case for failure to state a claim).

Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo*., 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Much of Plaintiff's allegations in the present complaint appear duplicative of another pending action in this Court in which he has paid the full filing fee. *Compare* ECF No. 1 with ECF No. 7 in *Baker v. Johnson*, Case No. 422-CV-23-CDL-MSH. Each complaint arises from Plaintiff's efforts to prosecute Case No. 2016-CV-020, an undescribed civil action, in the Superior Court of Talbot County. *Id*. Plaintiff alleges that Defendant Mahone—the Talbot County Superior Court Clerk—failed to notify Plaintiff that the state court civil case was active. *Id*. As a result, Defendant Smith—a superior court judge—dismissed the action on April 26, 2021. *Id*.

Plaintiff also contends that in 2019, he filed a motion with Judge Terri – a Talbot

County Magistrate Court Judge – "attacking the warrant No. 07-CR-58". [1]  ECF No. 1 at

5.  Plaintiff complains that the Magistrate Court has had plenty of time to rule on his

motion and has failed to do so.  *Id.*  Plaintiff thus claims that the Defendants have

violated his constitutional rights, and as a result he "demands a jury trial in this civil

action".  *Id.* at 6.

Nowhere in his complaint does Plaintiff provide facts suggesting that he is in

imminent danger of suffering any serious physical injury. *See Medberry*, 185 F.3d at

1193 (holding plaintiff failed to qualify under imminent danger exception because

complaint could not be construed as "constituting an allegation that he was in imminent

danger of serious physical injury at the time he filed his [c]omplaint or that he was in

jeopardy of any ongoing danger").  As such, Plaintiff will not be permitted to proceed *in*

*forma pauperis* pursuant to § 1915(g), and his Complaint should be dismissed without

prejudice to his right to refile with pre-payment of the full $402 filing fee. *See Dupree*

*v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per  curiam) ("[T]he proper procedure

is for the district court to dismiss the complaint without prejudice when it denies the

prisoner leave to proceed *in forma pauperis* pursuant to the  three strikes provision of §

---

[1] These claims are also duplicative of another prior action filed by the Plaintiff.  *Compare* ECF No. 1 with ECF No. 5 in *Baker v. Terry*, Case No. 4:21-cv-00192-CDL-MSH.  In *Baker v. Terry*, Plaintiff filed a notice of voluntary dismissal (ECF No. 8) after the Magistrate Judge issued a recommendation of dismissal (ECF No. 7).  Because of Plaintiff's notice of voluntary dismissal, *Baker v. Terry* was closed by this Court on December 20, 2021. See Fed. R. Civ. P. 41(a)(1)(A)( "…plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion to summary judgment").  Furthermore, Plaintiff also complained about the warrant that led to his conviction in *Baker v. Georgia*, Case No. 4:20-cv-00299-CDL-MSH (M.D. Ga. June 21, 2021) and this Court found that claim to be barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

1915(g).").

## CONCLUSION

As discussed above, Plaintiff has filed this action without prepayment of the filing fee and in so doing, the Court finds that Plaintiff seeks leave to proceed without prepayment of the filing fee.  Such leave to proceed without payment of the filing fee is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the full filing fee upon the filing of that complaint.

**SO ORDERED**, this 14th day of April, 2022.

S/Clay D. Land
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT